AO 91 (Rev. 11/11) Criminal Complaint                                      AUSA Michael Maione (312) 371-7515

**FILED**
6/27/2025 LM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CASE NUMBER: 25 CR 349 |
| JOSHUA ROWELL | **UNDER SEAL** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about June 24, 2025, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 111(a) | Forcibly assaulted a person designated in Title 18, United States Code, Section 1114, namely a federal judicial employee, while engaged in the performance of his/her official duties, and such acts involved physical contact with the victim. |

This criminal complaint is based upon these facts:

__X__  Continued on the attached sheet.

CLYDE CORREY
Digitally signed by CLYDE CORREY
Date: 2025.06.27 09:05:12 -05'00'

_____
CLYDE CORREY
Deputy United States Marshal
United States Marshals Service

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: June 27, 2025

_____
*Judge's signature*

City and state: Chicago, Illinois

MARIA VALDEZ, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, CLYDE CORREY, being duly sworn, state as follows:

### INTRODUCTION AND AFFIANT BACKGROUND

1.      I am a Deputy United States Marshal (DUSM) with the United States Marshals Service (USMS) and have been so employed for approximately 2 years. I am currently assigned as a District Protective Investigator for the Northern District of Illinois, Eastern Division. My current responsibilities with the USMS include the investigation of fugitives and incidents involving judicial security matters.

2.      This affidavit is submitted in support of a criminal complaint alleging that Joshua ROWELL has violated Title 18, United States Code, Section 111(a), by assaulting a federal employee.

3.      The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging ROWELL with assault of a federal employee, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that defendant committed the offense alleged in the complaint.

4.      This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, interviews with witnesses, my review of video surveillance footage, my review of other law enforcement documents and reports, and my training and experience.

## PROBABLE CAUSE

### A.      Summary

5.      On or about June 24, 2025, at approximately 3:55 p.m., an individual assaulted a federal employee (Victim A), who was talking on his/her mobile phone while standing on the sidewalk near 18 W. Jackson Boulevard. Victim A is a law clerk employed at the Everett McKinley Dirksen United States Courthouse (Dirksen Courthouse), located at 219 South Dearborn Street in Chicago, Illinois. Video footage captured the incident.

6.      A Dirksen Court Security Officer (Witness A) witnessed the attack and later identified ROWELL in a photo array as the offender. Additionally, ROWELL was arrested approximately one hour after the attack wearing clothing that appears to match the clothing in the video surveillance of the attack.

### B.      Assault of Victim A

7.      According to my review of relevant security camera footage obtained from surrounding businesses, my review of an incident report prepared by Witness A, my conversations with other law enforcement personnel, and my participation in interviews of witnesses, I am aware of the following:

a. On or about June 24, 2025, at approximately 3:57 p.m., Victim A was standing on the sidewalk of West Jackson Boulevard east of the Dirksen Courthouse. At this point in time, ROWELL walked toward Victim A from behind, reflected in the below still image taken from security footage:



b. ROWELL approached Victim A from behind and punched Victim A on the left side of his/her face, as depicted below:



   c.  The force of ROWELL's punch sent Victim A stumbling into the street on Jackson Boulevard:



### C. Interview of Victim A

8. Following the above-described events, I conducted an interview of Victim A. The following is a summary, in sum and substance and based upon my recollection, of certain information Victim A provided during that interview:

      a. Victim A had departed the Dirksen Courthouse on June 24, 2025, at approximately 3:55 p.m., working in his/her official capacity as a federal employee, to grab a coffee and take a phone call. Victim A did not observe ROWELL before he/she suddenly felt a punch to the left side of his/her face. Victim A then fell into the street and heard ROWELL yell something but was unable to understand what ROWELL had yelled. Victim A was dazed and confused and did not see ROWELL. Once EMS arrived, Victim A was received medically assessed and agreed to be transported by ambulance to the hospital for medical treatment.

      b. According to Victim A, at Northwestern Memorial Hospital, located at 251 East Huron Street in Chicago, she was diagnosed with a mild concussion and released after several hours.

### D. Interview of Witness A

9. Following the above-described events, I conducted an interview of Witness A. The following is a summary, in sum and substance and based upon my recollection, of certain information Witness A provided during that interview:

      a. At approximately 3:55 p.m. on June 24, 2025, Witness A was working outside of the Dirksen Courthouse when Witness A heard a loud slap and a scream, then looked in the direction of the sound and saw Victim A in the street

bleeding. Witness A saw an African American male, wearing a black hat with white lettering, and multi-colored shorts, standing in the street looking and uttering something at Victim A. Witness A confronted ROWELL, who ran eastbound on Jackson Boulevard.

### E.    Arrest of JOSHUA ROWELL

10.    On June 24, 2025, at approximately 4:58 p.m., JOSHUA ROWELL was arrested by the Chicago Police Department (CPD), after he was identified by a victim of another assault committed that same day. According to CPD detectives, when ROWELL was arrested approximately one hour after the assault described above, he was wearing multi-colored shorts, white shoes, a black long sleeve shirt, and a black hat with white lettering, similar to those depicted in the surveillance photograph of the assault.

11.    On or about June 25, 2025, Witness A reviewed a photo array and identified ROWELL as the offender in the assault described above.

## CONCLUSION

12.     Based on the above information, I submit that there is probable cause to believe that on or about June 24, 2025, Joshua ROWELL assaulted a federal employee while that employee was engaged in the performance of his/her official duties. I therefore respectfully request that this Court issue a criminal complaint charging ROWELL with a violation of Title 18, United States Code, Section 111(a).

FURTHER AFFIANT SAYETH NOT.

CLYDE CORREY   Digitally signed by CLYDE CORREY
Date: 2025.06.27 09:05:12 -05'00'

CLYDE CORREY
Deputy United States Marshal
United States Marshal's Service

SWORN TO AND AFFIRMED by telephone June 27, 2025.

Honorable MARIA VALDEZ
United States Magistrate Judge

7